

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF JOHNSTON    2020 DEC 11 A 10: 58     20 CVS _____

JOHNSTON CO., C.S.C.

| | |
|---|---|
| OMILURE FEW, | }<br>} BY_____<br>} |
| Plaintiff | } |
| | } |
| vs | } |
| | }    **COMPLAINT** |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | } |
| | } |
| Defendant. | } |

Plaintiff, complaining of Defendant, alleges and says:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Kenly, Johnston County, North Carolina.

2. Upon information and belief, Defendant Outback Steakhouse of Florida, LLC, is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Florida and is authorized to conduct and does transact business within the State of North Carolina.

3. The defendant, through its agents, servants and employees, owned and operated the Outback Steakhouse restaurant located at 911 Outlet Center Dr, Smithfield, Johnston County, North Carolina (hereinafter "the Restaurant") on the occasions complained of herein.

4. At all times in question, Defendant, through its authorized agents, servants and/or employees, operated and was responsible for the daily maintenance of the Restaurant.

1

## GENERAL ALLEGATIONS

5. On or about January 27, 2019 at 3:00 P.M., Plaintiff was a customer at the Restaurant and was being escorted across the premises by an employee to her table.

6. The area of the floor of the Restaurant that Plaintiff was walking along had a greasy, slippery substance on it, that looked as though it had been attempted to be wiped up, causing the floor to be slick.

7. Defendant and/or its agents, servants and/or employees, knew or, in the exercise of reasonable care, should have known of the unsafe, dangerous and hazardous condition created by the greasy substance on the floor of the Restaurant.

8. Upon information and belief, the Restaurant did not have in place any warning signs or notification of the slick conditions on the floor.

9. Plaintiff slipped on the greasy substance on the floor which then caused her to fall and sustain serious and painful injuries, as hereinafter alleged.

10. At all times in question, it was the duty of Defendant and/or its agents, servants and/or employees, to exercise reasonable and ordinary care to keep and/or maintain in a reasonably safe condition those portions of the Restaurant, including the floor, which it managed and/or maintained and which it expected and/or knew would be used by the general public, such as Plaintiff.

11. As a result of the negligence of Defendant and/or its agents, servants, and/or employees, Plaintiff was seriously injured.

## FIRST CLAIM FOR RELIEF
### (Negligence against Defendant)

12. At the time and place complained of, Defendant and/or its agents, servants and/or employees, were negligent in that they:

a. failed to keep and maintain the floor of the Restaurant in a reasonably safe condition;

b. did actually try to clean the greasy substance but did so inadequately;

c. failed to make a reasonable inspection of the floor of the Restaurant and to correct and eliminate the unsafe, dangerous and hazardous condition, which such an inspection would have revealed;

d. failed to provide notice to Plaintiff of a hazardous condition that was known, or reasonably should have been known, to one or more of Defendant's agents or employees, by placing a cone or warning sign at that location;

e. failed to keep the aisle areas of the Restaurant fit for all foreseeable uses; and

f. committed such further acts of negligence as may be discovered during the pendency of this matter.

13. The slip and fall of Plaintiff in the Restaurant was a direct and proximate result of the negligent acts and omissions of Defendant.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision Against Defendants)

14. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 13 as though fully set forth herein.

15. Defendant owed its patrons a duty to ensure that their employees were properly hired, trained, and supervised in keeping reasonable safety precautions to protect Plaintiff, and those similarly situated, from known or easily discoverable slip hazards, and Defendants breached that duty.

3

16. Defendant owed Plaintiff a duty to ensure that their employees and agents were properly hired, trained, and supervised in remedying any unsafe condition, and Defendant breached that duty.

17. Defendant owed a duty to Plaintiff to have and maintain procedures for identifying and removing slip hazards, and Defendant breached that duty.

18. Defendant owed Plaintiff a duty to comply with their own corporate and franchise security protocols and measures, and Defendant breached that duty.

19. Plaintiff's injuries were foreseeable and were a direct and proximate result of Defendant's negligence as alleged above.

## DAMAGES

20. As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff has suffered serious, painful and debilitating bodily injuries including but not limited to injuries to her neck, right shoulder, back, right wrist, right hand, and right ring finger, all of which continue to cause Plaintiff a substantial amount of physical pain and mental suffering.

21. As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff has incurred medical expenses for the medical care and treatment of her bodily injuries.

22. As a proximate and foreseeable result of the negligence of Defendant, Plaintiff has incurred medical expenses for medical care and treatment, such treatment and expenses shall continue for an undetermined amount of time.

23. As a proximate and foreseeable result of the negligence of Defendant, Plaintiff incurred a loss of wages and income and suffered a loss of earning capacity causing her to continue

to incur lost earnings in the future and the inability to earn wages as she did prior to the automobile collision.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered and will continue to suffer from physical pain, as well as mental and emotional anguish and potentially permanent injuries that required and will require future medical examination, treatment, medication, and further resulting in lost wages, lost employment opportunities, and further resulting in great discomfort and distress in the performance of her day-to-day activities.

25. By reason of said physical injuries, pain and suffering, the potential of permanent injury, loss of earnings, and future medical treatment, Plaintiff has sustained damages in excess of the minimum jurisdictional limit of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court:

1. That she have and recover of Defendant a sum in excess of the jurisdictional limit of this Court in compensatory damages;

2. That the costs of this action be taxed against Defendants; and

3. For such other and further relief as the Court may deem just and proper.

This the _8_ day of December, 2020

RICCI LAW FIRM, P.A.

Thomas D. Kandler, II
N.C. State Bar Number: 51198
Attorneys for Plaintiff
P. O. Box 483
Greenville, NC 27835-0483
Tel.: (252) 752-7785
Fax.: (252) 752-1016

5